IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION; APPLIED BIOSYSTEMS, LLC; INSTITUTE FOR PROTEIN RESEARCH; ALEXANDER CHETVERIN; HELENA CHETVERINA; and WILLIAM HONE, )))))) | |
| Plaintiffs, )))) | C.A. No. _____ JURY TRIAL DEMANDED |
| v. )) | |
| ILLUMINA, INC. and SOLEXA, INC., )))) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Life Technologies Corporation ("LIFE"); Applied Biosystems, LLC ("AB"); the Institute for Protein Research; Alexander Chetverin; Helena Chetverina; and William Hone (collectively, the "Plaintiffs"), allege as follows:

### NATURE OF THE ACTION

1.     This is an action arising under the patent laws of the United States based upon infringement by Defendants Illumina, Inc. and Solexa, Inc. (collectively, the "Defendants") of three patents owned b y the Institute for Protein Research, Alexander Chetverin, Helena Chetverina, and William Hone (collectively, the "Patentees"). Exclusive rights in and to each of these three patents have been granted to Plaintiff AB. Plaintiffs seek damages for Defendants' infringement and a permanent injunction restraining Defendants from further infringement.

### THE PARTIES

2.     Plaintiff LIFE is a Delaware corporation that has a principal place of business at 5791 Van Allen Way, Carlsbad, California 92008.

3.    Plaintiff AB is a wholly owned subsidiary of Plaintiff LIFE and is a Delaware limited liability corporation that has a principal place of business at 850 Lincoln Centre Drive, Foster City, CA 94404.

4.    Plaintiff the Institute for Protein Research of the Russian Academy of Sciences is an academic research institute organized under the authority of the Russian Academy of Sciences and is located at Pushchino, 14 22 92, Moscow Region, Russia.

5.    Plaintiff Alexander Chetverin is an individual having an address at 24 Mikroraion AB, Apt. 238, Pushchino, Moscow Region 14 22 90, Russia.

6.    Plaintiff Helena Chetverina is an individual having an address at 24 Mikroraion AB, Apt. 238, Pushchino, Moscow Region 14 22 90, Russia.

7.    Plaintiff William Hone is an individual having an address at 6 Barbara Lane, Irvington, NY 10533.

8.    Upon information and belief, Defendant Illumina, Inc. is a Delaware corporation that has a principal place of business at 9865 Towne Centre Drive, San Diego, CA 92121-1975.

9.    Upon information and belief, Defendant Solexa, Inc. is a wholly owned subsidiary of Defendant Illumina, Inc., and is a Delaware corporation that has a principal place of business at 25861 Industrial Blvd., Hayward, CA 94545.

## JURISDICTION AND VENUE

10.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

11.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.   This Court has personal jurisdiction over Defendants as Defendants are incorporated in the State of Delaware and have purposely availed themselves of the privilege of conducting activities within this State and District.

13.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

14.   The Patentees are the owners of U.S. Patent Number 5,616,478 (the "'478 Patent"), entitled "Method for Amplification of Nucleic Acids in Solid Media." The '478 Patent was duly and legally issued by the United States Patent and Trademark Office ("PTO") to Alexander Chetverin and Helena Chetverina on April 1, 1997 and is assigned to the Patentees. A true and correct copy of the '478 Patent is attached to this Complaint as Exhibit A.

15.   The Patentees are the owners of U.S. Patent Number 5,958,698 (the "'698 Patent"), entitled "Method for Amplification and Expression of Nucleic Acids in Solid Media and its Application for Nucleic Acid Cloning and Diagnostics." The '698 Patent was duly and legally issued by the PTO to Alexander Chetverin and Helena Chetverina on September 28, 1999 and is assigned to the Patentees. A true and correct copy of the '698 Patent is attached to this Complaint as Exhibit B.

16.   The Patentees are the owners of U.S. Patent Number 6,001,568 (the "'568 Patent"), entitled "Solid Medium for Amplification and Expression of Nucleic Acids as Colonies." The '568 Patent was duly and legally issued by the PTO to Alexander Chetverin and Helena Chetverina on December 14, 1999 and is assigned to the Patentees. A true and correct copy of the '568 Patent is attached to this Complaint as Exhibit C.

3

17.     AB is the exclusive licensee of the '478 Patent, the '698 Patent and the '568 Patent.

18.     Defendants' DNA sequencing products and services, including but not limited to Defendants' Genome Analyzer and Genome Analyzer II, infringe the '478 Patent, the '698 Patent and the '568 Patent.

## FIRST CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '478 PATENT)

19.     The allegations of paragraphs 1-18 are incorporated herein by reference.

20.     On information and belief, the Defendants have been and are currently directly infringing one or more claims of the '478 patent, pursuant to 35 U.S.C. § 271(a), in connection with certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products.

21.     On information and belief, the Defendants have been and are currently inducing others to infringe one or more claims of the '478 patent, in connection with certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products, and are liable for infringement under 35 U.S.C. § 271(b),

22.     On information and belief, the Defendants have been and are currently contributing to the infringement of one or more claims of the '478 patent, in connection with certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products, and are liable for contributory infringement under 35 U.S.C. § 271(c),

23.     Unless enjoined, Defendants will continue to infringe the '478 patent, directly and/or indirectly under section 271.

24.     Defendants' infringement of the '478 patent has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiffs.  Plaintiffs have no adequate remedy at law and are entitled to a permanent injunction against further infringement.

25.     Plaintiffs LIFE and AB have suffered and will continue to suffer substantial damage to their business by reason of Defendants' acts of infringement as alleged herein, and Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts pursuant to 35 U.S.C. § 284.

26.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles Plaintiffs to an award of attorneys' fees.

## SECOND CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '698 PATENT)

27.     The allegations of paragraphs 1-18 are incorporated herein by reference.

28.     On information and belief, the Defendants have been and are currently directly infringing one or more claims of the '698 patent, pursuant to 35 U.S.C. § 271(a), in connection with certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products.

29.     On information and belief, the Defendants have been and are currently inducing others to infringe one or more claims of the '698 patent, in connection with certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products, and are liable for infringement under 35 U.S.C. § 271(b),

30.     On information and belief, the Defendants have been and are currently contributing to the infringement of one or more claims of the '698 patent, in connection with

certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products, and are liable for contributory infringement under 35 U.S.C. § 271(c),.

31.    Unless enjoined, Defendants will continue to infringe the '698 patent, directly and/or indirectly under section 271.

32.    Defendants' infringement of the '698 patent has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiffs.  Plaintiffs have no adequate remedy at law and are entitled to a permanent injunction against further infringement.

33.    Plaintiffs LIFE and AB have suffered and will continue to suffer substantial damage to their business by reason of Defendants' acts of infringement as alleged herein, and Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts pursuant to 35 U.S.C. § 284.

34.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles Plaintiffs to an award of attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '568 PATENT)

35.    The allegations of paragraphs 1-18 are incorporated herein by reference.

36.    On information and belief, the Defendants have been and are currently directly infringing one or more claims of the '568 patent, pursuant to 35 U.S.C. § 271(a), in connection with certain of their products, services, methods and/or systems, including without limitation Defendants' Genome Analyzer and Genome Analyzer II products.

37.    On information and belief, the Defendants have been and are currently inducing others to infringe one or more claims of the '568 patent, in connection with certain of

their products, services, methods and/or systems, including without limitation Defendants'
Genome Analyzer and Genome Analyzer II products, and are liable for infringement under 35
U.S.C. § 271(b),

      38.    On information and belief, the Defendants have been and are currently
contributing to the infringement of one or more claims of the '568 patent, in connection with
certain of their products, services, methods and/or systems, including without limitation
Defendants' Genome Analyzer and Genome Analyzer II products, and are liable for contributory
infringement under 35 U.S.C. § 271(c),

      39.    Unless enjoined, Defendants will continue to infringe the '568 patent,
directly and/or indirectly under section 271.

      40.    Defendants' infringement of the '568 patent has caused, and unless
enjoined will continue to cause, irreparable harm to Plaintiffs.  Plaintiffs have no adequate
remedy at law and are entitled to a permanent injunction against further infringement.

      41.    Plaintiffs LIFE and AB have suffered and will continue to suffer
substantial damage to their business by reason of Defendants' acts of infringement as alleged
herein, and Plaintiffs are entitled to recover from Defendants the damages sustained as a result of
Defendants' acts pursuant to 35 U.S.C. § 284.

      42.    Plaintiffs are informed and believe, and on that basis allege, that
Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285, which
entitles Plaintiffs to an award of attorneys' fees.

### PRAYER FOR RELIEF

      WHEREFORE, Plaintiffs respectfully request the following relief:

      A.    That Defendants be adjudged to have infringed the '478, '698, and '568
Patents;

B.     That Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from infringing in any manner the '478, '698, and '568 Patents;

C.     That Defendants b e ordered to deliver to Plaintiffs, for destruction at Plaintiffs' option, all products that infringe the '478, '698, and '568 Patents;

D.     An accounting for damages by virtue of Defendants' infringement of the '478, '698, and '568 Patents;

E.     An award of damages pursuant to 35 U.S.C. § 284 to compensate Plaintiffs for Defendants' infringement of the '478, '698, and '568 Patents;

F.     An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G.     That Defendants be directed to pay Plaintiffs attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

H.     That the Court grant such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby request a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_Jack B. Blumenfeld (#1014)_
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Nicolas Groombridge
Peter Sandel
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8242

September 21, 2009