IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION; APPLIED BIOSYSTEMS, LLC; INSTITUTE FOR PROTEIN RESEARCH; ALEXANDER CHETVERIN; HELENA CHETVERINA; and WILLIAM HONE, <br><br> Plaintiffs, <br><br> v. <br><br> ILLUMINA, INC. and SOLEXA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 09-706 (RK) <br><br> JURY TRIAL DEMANDED |

RECEIVED
NOV 02 2009
A7S
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### [JOINT ~~PROPOSED~~] SCHEDULING ORDER

The Court having held a telephonic Fed. R. Civ. P. 16 Scheduling Conference with the parties on October 23, 2009, counsel for Life Technologies Corporation and Applied Biosystems LLC, and Institute for Protein Research, Drs. Alexander Chetverin and Helena Chetverina, and William Hone (collectively, "Plaintiffs") and counsel for Illumina, Inc. ("Illumina") and Solexa, Inc. ("Solexa") (collectively, "Defendants") submit this [Joint Proposed] Scheduling Order.

**1.  JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over Plaintiffs' claims and Defendants/Counterclaimants' counterclaims. No party has objected to personal jurisdiction of this Court. All parties have been served.

**2.  NARROWING OF ISSUES**

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or agreement.

3. **AMENDMENTS TO THE PLEADINGS**

The parties propose a June 18, 2010 deadline for amendment of pleadings regarding inequitable conduct defenses, and a January 29, 2010 deadline for any other amendments.

4. **JOINDER OF PARTIES**

At present, the parties are unaware of any additional parties that should be joined in these actions. The parties propose a January 29, 2010 deadline to add such parties.

5. **DISCOVERY**

    (a) **Limitations on Discovery**

The parties agree to adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's standing Orders, except as set forth below or as further ordered by the Court.

    (1) **Depositions**

Plaintiffs collectively may take a maximum of one hundred (100) hours of fact depositions, including Fed. R. Civ. P. 30(b)(6) witnesses. The total number of depositions of fact witnesses taken by Plaintiffs shall not exceed sixteen (16). Each fact deposition by Plaintiffs is limited to a maximum of seven (7) hours unless extended by agreement of the parties or leave of the Court. To the extent than an interpreter is required at a deposition, time spent by the interpreter translating questions, answers or objections shall not be included for purposes of this provision. Plaintiffs agree to coordinate with respect to, and will attempt to avoid duplication of, questioning of Defendants' witnesses.

Defendants collectively may take a maximum of one hundred (100) hours of fact depositions, including Fed. R. Civ. P. 30(b)(6) witnesses. The total number of depositions of

fact witnesses taken by Defendants shall not exceed sixteen (16). Each fact deposition by Defendants is limited to a maximum of seven (7) hours unless extended by agreement of the parties or leave of the Court. To the extent than an interpreter is required at a deposition, time spent by the interpreter translating questions, answers or objections shall not be included for purposes of this provision. Defendants agree to coordinate with respect to, and will attempt to avoid duplication of, questioning of Plaintiffs' witnesses.

The parties agree that, absent agreement of the parties or leave of Court, each witness will be subject to only a single deposition by a single attorney representing the collective Plaintiffs or Defendants, respectively (*i.e.*, individual Plaintiffs and Defendants may not repeatedly depose the same witness). However, this provision shall not prevent a person is designated to testify under Fed. R. Civ. P. 30(b)(6) from being subject to a separate deposition in his or her individual capacity.

The parties will in good faith attempt to limit the length of time any individual is deposed and will in good faith attempt to conduct each deposition in a location that is convenient for the witness.

 (2) **Interrogatories**

Plaintiffs collectively may serve on Defendants collectively a maximum of twenty-five (25) interrogatories (including subparts) directed to all discovery issues.

Defendants collectively may serve on Plaintiffs collectively a maximum of twenty-five (25) interrogatories (including subparts) directed to all discovery issues.

 (3) **Document Requests and Requests for Admission**

The parties presently do not believe that any numeric limitations are required for requests for admission and document requests. The parties agree that individual Plaintiffs or

Defendants will not serve document requests and/or requests for admission that are substantially duplicative (in whole or in part) of such requests served by other individual Plaintiffs or Defendants. The parties agree to be reasonable and cooperative with respect to the number and timing of such requests.

(c)     **Protective Order**

The parties agree that entry of a protective order to protect the confidentiality of sensitive business information that may be exchanged during discovery is necessary. The parties anticipate submitting a Proposed Protective Order to the Court for its consideration.

(d)     **Electronic Discovery**

The parties will work in good faith and anticipate reaching agreements regarding the scope of conduct of electronic discovery so as to minimize the burden and expense on all parties.

(e)     **Documents subject to attorney-client privilege and/or work-product protection**

The parties agree that documents created after the filing date of the Complaint and the Answer and Counterclaims, respectively, in this action (*i.e.*, after September 21, 2009 for Defendants/Counterclaimants Illumina and Solexa, and after October 13, 2009 for Plaintiffs/Counterdefendants Life Technologies and AB) that are subject to withholding from production based on the attorney-client privilege and/or attorney work-product doctrine need not be listed in a privilege log.

6.     **ESTIMATED TRIAL LENGTH**

The parties propose that the structure and length of trial be determined at a later date. The parties suggest that at least two (2) weeks be set aside for the trial in July, 2011.

7. **JURY TRIAL**

Both parties seek a jury trial at this time.

8. **SETTLEMENT**

The parties are open to discussing settlement at any appropriate time during this litigation, and will keep the Court apprised of any developments. The parties are open to referral to a Magistrate Judge for informal mediation or settlement discussion at the appropriate time.

9. **CASE SCHEDULE**

| Event | Proposed Date |
|---|---|
| **Fact Discovery** | |
| Fed. R. Civ. P. 26(a) Initial Disclosures due | November 20, 2009 |
| Latest date to amend pleadings other than Inequitable Conduct (without leave of Court) | January 29, 2010 |
| Latest date to amend pleadings regarding Inequitable Conduct (without leave of Court) | June 18, 2010 |
| Latest date to join additional parties (without leave of Court) | January 29, 2010 |
| Completion of fact discovery | July 16, 2010 |
| **Claim Construction** | |
| Patentee(s) advise(s) accused infringer(s) of the asserted claims of each patent-in-suit | 125 days before hearing date |
| Parties exchange proposed claim terms in need of construction | 105 days before hearing date |
| Deadline for parties to meet and confer regarding narrowing and reducing the number of claim construction issues | 90 days before hearing date |
| Final Joint Claim Charts | 80 days before hearing date |
| Opening Claim Construction Briefs | 60 days before hearing date |

5

| Event | Proposed Date |
|---|---|
| Responsive Claim Construction Briefs | 30 days before hearing date |
| Claim Construction Hearing | April ___, 2010 (to be decided by the Court) |
| **Expert Discovery** | |
| Latest date to serve Opening Expert Reports on issues for which a party bears the burden of proof | September 3, 2010 |
| Latest date to serve Rebuttal Expert Reports | October 1, 2010 |
| Latest date to serve Reply Expert Reports | November 5, 2010 |
| Close of expert discovery | December 17, 2010 |
| **Summary Judgment** | |
| Latest date to file Motion for Summary Judgment | February 4, 2011 |
| Latest date to file Opposition to Motion for Summary Judgment | March 4, 2011 (or 28 days after service of corresponding Motion for Summary Judgment) |
| Latest date to file Reply in support of Motion for Summary Judgment | March 18, 2011 (or 14 days after service of Opposition to Motion for Summary Judgment) |
| Latest date for hearing on Summary Judgment Motions | April ___, 2011 (to be decided by the Court) |
| **Trial Phase** | |
| Plaintiffs provide Draft Joint Pretrial Order | Eight weeks before pre-trial conference (to be decided by the Court) |
| Defendants provide Response to Plaintiffs' Draft Pretrial Order | Six weeks before pre-trial conference (to be decided by the Court) |

| Event | Proposed Date |
|---|---|
| Motions *in limine* (fully briefed) | Five weeks before pre-trial conference (to be decided by the Court) |
| Submission of Joint Proposed Pretrial Order | Four weeks before pre-trial conference (to be decided by the Court) |
| Pretrial Conference | Four weeks before trial (to be decided by the Court) |
| Trial (two weeks) | July __11__, 2011 (to be decided by the Court) |

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

---
Jack B. Blumenfeld (I.D. #1014)
Maryellen Noreika (I.D. #3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200
Fax: (302) 3989
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Life Technologies Corporation; Applied Biosystems, LLC; Institute for Protein Research; Alexander Chetverin; Helena Chetverina; and William Hone*

ASHBY & GEDDES, LLP

*/s/ Lauren E. Maguire*

---
Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
Andrew D. Cordo (I.D. #4534)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE, DE 19899
Tel: (302) 654-1888
Fax: (302) 654-2067
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
acordo@ashby-geddes.com

*Attorneys for Illumina, Inc. and Solexa, Inc.*

OF COUNSEL:

Nicholas Groombridge (*pro hac vice*)
Peter Sandel (*pro hac vice*)
WEIL, GOTSHALL, MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8242
Fax: (212) 310-8007
nicholas.groombridge@weil.com
peter.sandel@weil.com

OF COUNSEL:

Kevin M. Flowers (*pro hac vice*)
Matthew C. Nielsen (*pro hac vice*)
John R. Labbé (*pro hac vice*)
Mark H. Izraelewicz
Cullen N. Pendleton (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
Suite 6300
Chicago, IL 60606
Tel: (312) 474-6300
Fax: (312) 474-0448
kflowers@marshallip.com
mnielsen@marshallip.com
jlabbe@marshallip.com
mizraelewicz@marshallip.com
cpendleton@marshallip.com

SO ORDERED this 30th day of Oct., 2009.

_____
United States District Judge