IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIFE TECHNOLOGIES CORPORATION;   )
APPLIED BIOSYSTEMS, LLC; INSTITUTE   )
FOR PROTEIN RESEARCH; ALEXANDER   )
CHETVERIN; HELENA CHETVERINA; and   )
WILLIAM HONE,   )
                                   )   C.A. No. 09-706 (RK)
       Plaintiffs,   )
                                   )   **JURY TRIAL DEMANDED**
       v.   )
                                   )
ILLUMINA, INC. and SOLEXA, INC.,   )
                                   )
       Defendants.   )

## PLAINTIFFS' AMENDED ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIMS AND COUNTER-COUNTERCLAIMS

In response to the Counterclaims asserted by Illumina, Inc. and Solexa, Inc. (collectively, the "Defendants"), plaintiffs Life Technologies Corporation ("LIFE"); Applied Biosystems, LLC ("AB"); the Institute for Protein Research; Alexander Chetverin; Helena Chetverina; and William Hone (collectively, the "Plaintiffs"), through their undersigned attorneys, answer in correspondingly numbered paragraphs and assert counter-counterclaims as follows:

## ANSWER TO DEFENDANTS' COUNTERCLAIMS

1.     Illumina and Solexa counterclaim against all of the Plaintiffs for declaratory judgments of invalidity and non-infringement of the patents asserted in the Complaint pursuant to 28 U.S.C. §§ 2201 and 2202.

    **ANSWER**:  Admitted that the counterclaims seek declaratory judgments of invalidity and non-infringement of U.S. Patent Nos. 5,616,478, 5,958,698, and 6,001,568.  Denied that there is any basis for such claims or that those patents are invalid and/or not infringed.

2.      Illumina and Solexa also counterclaim against Life Tech and AB for patent infringement arising under Title 35 of the United States Code (the Patent Act) based on infringement by Life Tech and AB of U.S. Patent Nos. 6,831,994; 6,654,505; 7,232,656; and 7,598,035.  Illumina and Solexa seek a preliminary and permanent injunction restraining Life Tech and AB from further infringement, the destruction of all infringing SOLiD systems and materials, and damages for Life Tech's and AB's infringement of these patents.

**ANSWER**:  Admitted that the counterclaims purport to state claims arising under the patent laws of the **United** States and allege infringement of four patents.  Denied that any such infringement has occurred, and that Defendants are entitled to any of the requested relief.

3.      Counterclaim Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business at 9885 Towne Centre Drive, San Diego, California, 92121.

**ANSWER**:  Admitted, on information and belief.

4.      Counterclaim Plaintiff Solexa, Inc. is a Delaware corporation with its principal place of business at 25861 Industrial Boulevard, Hayward, California.

**ANSWER**:  Admitted, on information and belief.

5.      Upon information and belief, Life Tech is a Delaware corporation with a principal place of business at 5791 Van Allen Way, Carlsbad, California, 92008.

**ANSWER**:  Admitted.

6.      Upon information and belief, AB is a Delaware corporation with a principal place of business at 850 Lincoln Centre Drive, Foster City, California 94404.

**ANSWER**:  Admitted that AB is a Delaware limited liability company with a principal place of business at 850 Lincoln Centre Drive, Foster City, California 94404.

7.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER**: Admitted.

8.      This Court has personal jurisdiction over Life Tech and AB because Life Tech and AB are incorporated in this State, and because they have purposely availed themselves of the privilege of conducting activities within this State and District by filing the present action against Illumina and Solexa.

**ANSWER**: Admitted.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER**: Admitted.

**COUNT I - Declaratory Judgment of Patent Invalidity (Against All Plaintiffs)**

10.      The allegations of paragraphs 1-9 of these Counterclaims are incorporated in this Count as if fully restated herein.

**ANSWER**:  Plaintiffs reallege, as if fully set forth herein, their previous responses to paragraphs 1-9 of Defendants' Counterclaims.

11.      The '478, '698, and '568 patents state that they were issued to Alexander Chetverin and Helena Chetverina on April 1, 1997, September 28, 1999, and December 14, 1999, respectively.

**ANSWER**: Admitted.

12.      The Plaintiffs/Counterclaim Defendants have alleged that the '478, '698, and '568 patents were assigned and/or exclusively licensed to them.

**ANSWER**: Admitted.

13.     There is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Illumina and Solexa and the Plaintiffs/Counterclaim Defendants with respect to the validity of the '478, '698, and '568 patents.

**ANSWER**: Admitted.

14.     The '478, '698, and '568 patents are invalid because they fail to satisfy the conditions for patentability set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

**ANSWER**: Denied.

**COUNT II - Declaratory Judgment of Non-Infringement (Against All Plaintiffs)**

15.     The allegations of paragraphs 1-14 of these Counterclaims are incorporated in this Count as if fully restated herein.

**ANSWER**:  Plaintiffs reallege, as if fully set forth herein, their previous responses to paragraphs 1-14.

16.     There is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Illumina and Solexa and the Plaintiffs/Counterclaim Defendants with respect to the infringement of the '478, '698, and '568 patents.

**ANSWER**: Admitted.

17.     Illumina and Solexa have not infringed and are not infringing any valid, enforceable claim of the '478, '698, and '568 patents, either literally or by equivalence, or under any theory, including direct infringement, infringement by inducement, or contributory infringement.

**ANSWER**: Denied.

**COUNT III - Infringement of U.S. Patent No. 6,831,994 by the SOLiD System (Against Life Tech and AB)**

18.     Illumina and Solexa incorporate each of the allegations of paragraphs 1-17 of these Counterclaims as if fully restated herein.

**ANSWER**:  Plaintiffs LIFE and AB reallege, as if fully set forth herein, their previous responses to paragraphs 1-17.

19.     United States Patent No. 6,831,994, entitled "System and Apparatus for Sequential Processing of Analytes" (hereinafter, "the '994 Patent," a copy of which is attached hereto as Exhibit A), was duly and legally issued on December 14, 2004, and does not expire any earlier than December 5, 2017.

**ANSWER**:  Plaintiffs LIFE and AB admit that U.S. Patent No. 6,831,994 is titled "System and Apparatus for Sequential Processing of Analytes" and bears an issue date on its face of December 14, 2004.  As to all other allegations, denied.

20.     Solexa is the owner of all right, title, and interest in the '994 Patent.

**ANSWER**:  Plaintiffs LIFE and AB lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis deny them.

21.     The '994 Patent contains claims directed to, for example (Claim 1), "A system for detecting a sequence of optical signals from each of a plurality of microparticles during a sequence of processing steps, the system comprising: a planar array of uniformly sized spherical microparticles, wherein the coefficient of variation of the diameters of said microparticles is less than five percent; an optical train effective to collect and focus the sequence of optical signals from the microparticles, and to record at least one optical characteristic of each mircoparticle which can be used to determine the approximate center of said microparticle; an imaging device onto which said signals are focused, effective to generate and record a sequence of digital images

of the microparticles, with sufficient resolution for individual microparticles to be distinguished; and signal tracking means effective to correlate the optical signals from each of the microparticles in each of the sequence of digital images with said center of said microparticle."

> **ANSWER**:  Plaintiffs LIFE and AB admit that this paragraph accurately copies the text of claim 1 of the '994 Patent.  As to all other allegations, denied.

22.     On information and belief, Life Tech and AB have been and still are making, using, selling, and/or offering for sale products, services, methods and/or systems, including without limitation the "SOLiD" sequencing systems, that, literally or by equivalence directly, indirectly, and/or contributorily infringe, and Life Tech and AB induce infringement of, one or more claims of the '994 Patent under 35 U.S.C. § 271.

> **ANSWER**: Denied.

23.     Solexa has suffered and continues to suffer damages as a result of Life Tech's and AB's infringement of one or more claims of the '994 Patent.

> **ANSWER**: Denied.

24.     Solexa will suffer irreparable harm due to Life Tech's and AB's continuing infringement of the '994 Patent, and Solexa has no adequate remedy at law for this continuing infringement and is entitled to a preliminary and permanent injunction against further infringement.

> **ANSWER**: Denied.

25.     Life Tech and AB will continue to infringe the '994 Patent and irreparably harm Solexa unless and until enjoined by this Court.

> **ANSWER**: Denied.

**COUNT IV - Infringement of U.S. Patent No. 6,654,505 by the SOLiD System (Against Life Tech and AB)**

26.   Illumina and Solexa incorporate each of the allegations of paragraphs 1-25 of the Counterclaims as if fully restated herein.

**ANSWER**:  Plaintiffs LIFE and AB reallege, as if fully set forth herein, their previous responses to paragraphs 1-25.

27.   United States Patent No. 6,654,505, entitled "System and apparatus for sequential processing of analytes" (hereinafter "the '505 Patent," a copy of which is attached hereto as Exhibit B), was duly and legally issued on November 25, 2003, and does not expire any earlier than February 6, 2018.

**ANSWER**:  Plaintiffs LIFE and AB admit that U.S. Patent No. 6,654,505 is titled "System and apparatus for sequential processing of analytes" and bears an issue date on its face of November 25, 2003.  As to all other allegations, denied.

28.   Solexa is the owner of all right, title, and interest in the '505 Patent.

**ANSWER**:  Plaintiffs LIFE and AB lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis deny them.

29.   The '505 Patent contains claims directed to, for example (Claim 2), "The device-readable medium of claim 1 [A device-readable medium embodying a program of instructions for execution by said device to perform a method of generating images of a planar array of microparticles and tracking positions of the microparticles during a sequence of processing steps, said program of instructions comprising instructions for: rendering a plurality of digital images of the planar array of the microparticles during the sequence of processing steps, based on optical signals generated at the microparticles; and processing the plurality of digital images, wherein said processing includes correlating the optical signals generated at each microparticle with its

7

corresponding image in each of the plurality of digital images], wherein said processing further includes determining the approximate center of each microparticle, based on a recorded optical characteristic of said microparticle."

> **ANSWER**:  Plaintiffs LIFE and AB admit that this paragraph accurately copies the text of claims 1 and 2 of the '505 Patent.  As to all other allegations, denied.

30.     On information and belief, Life Tech and AB have been and still are making, using, selling, and/or offering for sale products, services, methods and/or systems, including without limitation the "SOLiD" sequencing systems, that, literally or by equivalence, directly, indirectly, and/or contributorily infringe, and Life Tech and AB induce infringement of, one or more claims of the '505 Patent under 35 U.S.C. § 271.

> **ANSWER**: Denied.

31.     Solexa has suffered and continues to suffer damages as a result of Life Tech's and AB's infringement of one or more claims of the '505 Patent.

> **ANSWER**: Denied.

32.     Solexa will suffer irreparable harm due to Life Tech's and AB's continuing infringement of the '505 Patent, and Solexa has no adequate remedy at law for this continuing infringement and is entitled to a preliminary and a permanent injunction against further infringement.

> **ANSWER**: Denied.

33.     Life Tech and AB will continue to infringe the '505 Patent and irreparably harm Solexa unless and until enjoined by this Court.

> **ANSWER**: Denied.

**COUNT V - Infringement of U.S. Patent No. 7,232,656 by the SOLiD System (Against Life Tech and AB)**

34.     Illumina and Solexa incorporate each of the allegations of paragraphs 1-33 of these Counterclaims as if fully restated herein.

**ANSWER**:  Plaintiffs LIFE and AB reallege, as if fully set forth herein, their previous responses to paragraphs 1-33.

35.     United States Patent No. 7,232,656, entitled "Arrayed biomolecules and their use in sequencing" (hereinafter, "the '656 Patent," a copy of which is attached hereto as Exhibit C), was duly and legally issued on June 19, 2007, and does not expire any earlier than July 30, 2019.

**ANSWER**:  Plaintiffs LIFE and AB admit that U.S. Patent No. 7,232,656 is titled "Arrayed biomolecules and their use in sequencing" and bears an issue date on its face of June 19, 2007.  As to all other allegations, denied.

36.     Solexa is the owner of all right, title, and interest in the '656 Patent.

**ANSWER**:  Plaintiffs LIFE and AB lack knowledge or information sufficient to form a belief about the allegations of this paragraph and on that basis deny them.

37.     The '656 Patent contains claims directed to, for example (Claim 1), "A method for analysing genome wide variation in an individual comprising: i) randomly fragmenting a genome of said individual; ii) generating sequence reads of multiple bases on all fragments of said genome; iii) aligning the sequence reads with a known genomic reference sequence; and iv) analysing variations between the sequence reads derived from the genome of the individual and the known genomic reference sequence."

**ANSWER**:  Plaintiffs LIFE and AB admit that this paragraph accurately copies the text of claim 1 of the '656 Patent.  As to all other allegations, denied.

38.    On information and belief, Life Tech and AB have been and still are making, using, selling, and/or offering for sale products, services, methods and/or systems, including without limitation the "SOLiD" sequencing systems, that, literally or by equivalence, directly, indirectly, and/or contributorily infringe, and Life Tech and AB induce infringement of, one or more claims of the '656 Patent under 35 U.S.C. § 271.

**ANSWER**: Denied.

39.    Solexa has suffered and continues to suffer damages as a result of Life Tech's and AB's infringement of one or more claims of the '656 Patent.

**ANSWER**: Denied.

40.    Solexa will suffer irreparable harm due to Life Tech's and AB's continuing infringement of the '656 Patent, and Solexa has no adequate remedy at law for this continuing infringement and is entitled to a preliminary and a permanent injunction against further infringement.

**ANSWER**: Denied.

41.    Life Tech and AB will continue to infringe the '656 Patent and irreparably harm Solexa unless and until enjoined by this Court.

**ANSWER**: Denied.

**COUNT VI - Infringement of U.S. Patent No. 7,598,035 by the SOLiD System (Against Life Tech and AB)**

42.    Illumina and Solexa incorporate each of the allegations of paragraphs 1-41 of these Counterclaims as if fully restated herein.

**ANSWER**:  Plaintiffs LIFE and AB reallege, as if fully set forth herein, their previous responses to paragraphs 1-41.

43.     United States Patent No. 7,598,035, entitled "Method and Compositions for Ordering Restriction Fragments" (hereinafter, "the '035 Patent," a copy of which is attached hereto as Exhibit D), was duly and legally issued on October 6, 2009, and does not expire any earlier than February 23, 2018.

> **ANSWER**:  Plaintiffs LIFE and AB admit that U.S. Patent No. 7,598,035 is titled "Method and Compositions for Ordering Restriction Fragments" and bears an issue date on its face of October 6, 2009.  As to all other allegations, denied.

44.     Solexa is the owner of all right, title, and interest in the '035 Patent.

> **ANSWER**:  Plaintiffs LIFE and AB lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis deny them.

45.     The '035 Patent contains claims directed to, for example (Claim 3), "A method of forming linearized vectors having pairs of segments from a population of polynucleotide fragments, the method comprising the steps of: i) inserting each of said polynucleotide fragments from said population into a vector having two type IIs restriction endonuclease recognition sites and forming vectors containing said polynucleotide fragments such that each of the vectors containing said polynucleotide fragments comprises a fragment from said population of polynucleotide fragments, one of said type IIs restriction endonuclease recognition sites in each of the vectors containing said polynucleotide fragments is adjacent to one end of the fragment and another of said type IIs endonuclease recognition sites in each of the vectors containing said polynucleotide fragments is adjacent to another end of the fragment, and one or more type IIs restriction endonucleases recognizing said type IIs restriction endonuclease recognition sites have two cleavage sites within the interior of the fragment; and ii) treating each of the vectors containing said polynucleotide fragments with said one or more type IIs restriction

endonucleases recognizing the type IIs restriction endonuclease recognition sites and producing linearized vectors having pairs of segments wherein each of said linearized vectors having pairs of segments has a pair of segments of the fragment, one of said pair of segments is located at one end of each of the linearized vectors, and another of said pair of segments is located at another end of each of the linearized vectors."

**ANSWER**: Plaintiffs LIFE and AB admit that this paragraph accurately copies the text of claim 3 of the '035 Patent. As to all other allegations, denied.

46.     On information and belief, Life Tech and AB have been and still are making, using, selling, and/or offering for sale products, services, methods and/or systems, including without limitation the "SOLiD" sequencing systems, that, literally or by equivalence, directly, indirectly, and/or contributorily infringe, and Life Tech and AB induce infringement of, one or more claims of the '035 Patent under 35 U.S.C. § 271.

**ANSWER**: Denied.

47.     Solexa has suffered and continues to suffer damages as a result of Life Tech's and AB's infringement of one or more claims of the '035 Patent.

**ANSWER**: Denied.

48.     Solexa will suffer irreparable harm due to Life Tech's and AB's continuing infringement of the '035 Patent, and Solexa has no adequate remedy at law for this continuing infringement and is entitled to a preliminary and a permanent injunction against further infringement.

**ANSWER**: Denied.

49.     Life Tech and AB will continue to infringe the '035 Patent and irreparably harm Solexa unless and until enjoined by this Court.

**ANSWER**: Denied.

### Prayer For Relief

Plaintiffs/Counterclaim Defendants LIFE and AB deny that Defendants/Counterclaim Plaintiffs Illumina and Solexa are entitled to judgment or any of the relief requested by the Counterclaims, including that requested in Paragraphs A through I of the Counterclaims.

### AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that it bears the burden of proof with respect to any of the following, Plaintiffs/Counterclaim Defendants LIFE and AB allege as follows, and incorporate by reference all allegations contained in Part III below in support of their counter-counterclaims as if fully set forth herein.

### FIRST DEFENSE

(Failure to State a Claim)

1.     Defendants' Counterclaims fail to state a claim upon which relief can be granted because neither LIFE nor AB have performed any act or thing and are not proposing to perform any act or thing in violation of any rights validly belonging to Defendants.

### SECOND DEFENSE

(No Infringement)

2.     LIFE and AB have not infringed any valid and enforceable claims of the '994, '505, '656, or '035 Patents.

## THIRD DEFENSE

### (Invalidity)

3.    One or more claims of each of the '994, '505, '656, or '035 Patents are invalid for failing to comply with the conditions and requirements of patentability set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

### (Intervening Rights)

4.    The relief sought by Illumina and Solexa is barred, in whole or in part, because Plaintiffs/Counterclaim Defendants LIFE and AB are entitled to intervening rights pursuant to 35 U.S.C. §§ 252 and 307.

## FIFTH DEFENSE

### (Inequitable Conduct)

5.    Plaintiffs/Counterclaim Defendants LIFE and AB expressly reserve the right to amend their Answer to Defendants/Counterclaim Plaintiffs' Counterclaims to assert an affirmative defense that each claim for relief asserted by Illumina and Solexa is barred, in whole or in part, because one or more of the '994, '505, '656, and '035 Patents is unenforceable due to inequitable conduct during prosecution before the United States Patent and Trademark Office.

## Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), LIFE and AB hereby request a trial by jury on the Defendants' Counterclaims as to all issues so triable.

## COUNTER-COUNTERCLAIMS FOR DECLARATORY JUDGMENT THAT U.S. PATENT NOS. 6,831,994, 6,654,505, 7,232,656, AND 7,598,035 ARE NOT INFRINGED AND ARE INVALID

Counter-Counterclaim Plaintiffs/Counterclaim Defendants, Life Technologies Corporation ("LIFE") and Applied Biosystems, LLC ("AB") allege the following on information and belief:

## INTRODUCTION

1.      Life Technologies Corporation ("LIFE") and Applied Biosystems, LLC ("AB") counter-counterclaim against Illumina and Solexa for declaratory judgments of invalidity and non-infringement of the patents asserted in the Defendants' Answer and Counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

2.      Counter-Counterclaim Plaintiff LIFE is a Delaware corporation that has a principal place of business at 5791 Van Allen Way, Carlsbad, CA 92008.

3.      Counter-Counterclaim Plaintiff AB is a wholly owned subsidiary of Counter-Counterclaim Plaintiff LIFE and is a Delaware limited liability company that has a principal place of business at 850 Lincoln Centre Drive, Foster City, CA 94404.

4.      Upon information and belief, Counter-Counterclaim Defendant Illumina, Inc. is a Delaware corporation that has a principal place of business at 9885 Towne Centre Drive, San Diego, CA 92121.

5.      Upon information and belief, Counter-Counterclaim Defendant Solexa, Inc. is a wholly owned subsidiary of Counter-Counterclaim Defendant Illumina, Inc., and is a Delaware corporation that has a principal place of business at 25861 Industrial Blvd., Hayward, CA 94545.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.     This Court has personal jurisdiction over Counter-Counterclaim Defendants as Counter-Counterclaim Defendants are incorporated in the State of Delaware and have purposely availed themselves of the privilege of conducting activities within this State and District.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### Declaratory Judgment of Patent Invalidity

9.     The allegations of paragraphs 1-8 of these Counter-Counterclaims are incorporated in this Count as if fully restated herein.

10.     There is an actual and justiciable controversy under the Declaratory Judgment Act within the meaning of 28 U.S.C. §§ 2201 and 2202 between LIFE and AB and the Counterclaim Plaintiffs/Counter-Counterclaim Defendants with respect to the validity of the '994, '505, '656, and '035 Patents.

11.     The '994 and '505 Patents state that they were issued to John Bridgham, Kevin Corcoran, George Golda, Michael C. Pallas, and Sydney Brenner on December 14, 2004 and November 25, 2003 respectively.

12.     The '656 Patent states that it was issued to Shankar Balasubramanian, David Klenerman, Colin Barnes, and Mark Allen Osborne on June 19, 2007.

13.     The '035 Patent states that it was issued to Stephen C. Macevicz on October 6, 2009.

14.     The Counterclaim Plaintiffs/Counter-Counterclaim Defendants, Illumina and Solexa, have alleged that Solexa owns the '994, '505, '656, and '035 Patents.

15.     One or more claims of each of the '994, '505, '656, or '035 Patents are invalid for failing to comply with the conditions and requirements of patentability set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 101, 102, 103, and/or 112.

## COUNT II

### Declaratory Judgment of Non-Infringement

16.     The allegations of paragraphs 1-15 of these Counter-Counterclaims are incorporated in this Count as if fully restated herein.

17.     There is an actual and justiciable controversy under the Declaratory Judgment Act within the meaning of 28 U.S.C. §§ 2201 and 2202 between LIFE and AB and the Counterclaim Plaintiffs/Counter-Counterclaim Defendants with respect to the infringement of the '994, '505, '656, and '035 Patents.

18.     The Counterclaim Plaintiffs/Counter-Counterclaim Defendants have alleged that LIFE and AB infringe the '994, '505, '656, and '035 Patents by making, using, selling, and/or offering for sale products, services, methods and/or systems, including the "SOLiD" sequencing systems.

19.     LIFE and AB have not infringed and are not infringing any valid, enforceable claim of the '994, '505, '656, and '035 Patents, either literally or by equivalence, or under any theory, including direct infringement, induced infringement, or contributory infringement.

## COUNT III

### Declaratory Judgment of Intervening Rights

20.     The allegations of paragraphs 1-19 of these Counter-Counterclaims are incorporated in this Count as if fully restated herein.

21.     There is an actual and justiciable controversy under the Declaratory Judgment Act within the meaning of 28 U.S.C. §§ 2201 and 2202 between LIFE and AB and the Counterclaim Plaintiffs/Counter-Counterclaim Defendants with respect to the infringement of the '994, '505, '656, and '035 Patents.

22.     The Counterclaim Plaintiffs/Counter-Counterclaim Defendants have alleged that LIFE and AB infringe the '994, '505, '656, and '035 Patents by making, using, selling, and/or offering for sale products, services, methods and/or systems, including the "SOLiD" sequencing systems.

23.     LIFE and AB have submitted or will submit requests for reexamination of the '994, '505, '656, and '035 Patents to the United States Patent and Trademark Office (PTO).

24.     In the event that the PTO grants these reexamination requests and the Counterclaim Plaintiffs/Counter-Counterclaim Defendants thereby amend any claims of the patents in suit, LIFE and AB will be entitled to intervening rights pursuant to 35 U.S.C. §§ 252 and 307, and the relief sought by Counterclaim Plaintiffs/Counter-Counterclaim Defendants will be barred in whole or in part.

**PRAYER FOR RELIEF**

WHEREFORE, LIFE and AB pray that this Court enter judgment in their favor and against Defendants Illumina and Solexa as follows:

A.     Dismissing Defendants' Counterclaims with prejudice, and denying all relief sought in the Counterclaims;

B.     Declaring that the asserted claims of the '994, '505, '656, and '035 Patents are invalid;

C.      Declaring that LIFE and AB have not infringed and do not infringe any valid, enforceable claim of the '994, '505, '656, and '035 Patents;

D.      Declaring that LIFE and AB are entitled to intervening rights pursuant to 35 U.S.C. §§ 252 and 307;

E.      Finding that this is an exceptional case under 35 U.S.C. § 285 and ordering Defendants/Counterclaim Plaintiffs to reimburse LIFE and AB for their attorney fees and costs incurred in connection with this action; and

F.      Granting LIFE and AB such other and further relief as this Court deems just and reasonable under the circumstances.

## Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), LIFE and AB hereby request a trial by jury of these counter-counterclaims on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington , DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Nicholas Groombridge
Peter Sandel
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
(212) 310-8000

January 29, 2010
3365971

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010 I electronically filed the foregoing with

the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Steven J. Balick, Esquire
> Lauren E. Maguire, Esquire
> Andrew D. Cordo, Esquire
> ASHBY & GEDDES

I further certify that I caused copies of the foregoing document to be served on

January 29, 2010 upon the following in the manner indicated:

Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Andrew D. Cordo, Esquire
ASHBY & GEDDES
500 Delaware Avenue – 8th Floor
Wilmington, DE  19801

*VIA ELECTRONIC MAIL
and HAND DELIVERY*

Kevin M. Flowers, Esquire
Matthew C. Nielsen, Esquire
Mark H. Izraelewicz, Esquire
John R. Labbé, Esquire
Cullen N. Pendleton, Esquire
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive, Suite 6300
Chicago, IL  60606

*VIA ELECTRONIC MAIL*

Jack B. Blumenfeld (#1014)