IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIFE TECHNOLOGIES CORPORATION; )
APPLIED BIOSYSTEMS, LLC; INSTITUTE )
FOR PROTEIN RESEARCH; ALEXANDER )
CHETVERIN; HELENA CHETVERINA; and )
WILLIAM HONE, )
                     )   C.A. No. 09-706 (RK)
             Plaintiffs, )
                     )
        v. )
                     )
ILLUMINA, INC. and SOLEXA, INC., )
                     )
            Defendants. )

## [JOINT PROPOSED] STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

    1.    <u>Introduction</u>.

    1.1    Pursuant to Federal Rule of Civil Procedure 26(c), the parties in the above-captioned action, Life Technologies Corporation ("LIFE"), Applied Biosystems, LLC ("AB"), Institute for Protein Research, Alexander Chetverin, Helena Chetverina, and William Hone (collectively, the "Plaintiffs") and Illumina, Inc. and Solexa, Inc. (collectively, the "Defendants"), by and through their respective counsel, hereby stipulate to the following Stipulated Confidentiality Protective Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by the parties or by non-parties:

    2.    <u>Scope</u>.

    2.1    Information, documents, source code, material, testimony, and/or discovery responses may be designated pursuant to this Stipulated Confidentiality Protective Order by the person or entity producing, serving, filing, or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served in this action, formally or informally,

pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information, documents, source code, material, testimony, and responses, and all information or material derived from it constitutes "Designated Material" under this Stipulated Confidentiality Protective Order.

2.2   Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Material shall be used only for purposes of this litigation, shall not be used for any business or governmental purpose, and shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Stipulated Confidentiality Protective Order.

3.   <u>Access</u>.

3.1   <u>Materials Designated CONFIDENTIAL</u>. Subject to the limitations set forth in this Stipulated Confidentiality Protective Order, a Designating Party may mark materials as "CONFIDENTIAL" for the purposes of avoiding disclosure of proprietary or trade secret technical information and specifications, of avoiding invasions of individual privacy, and of protecting proprietary business and/or non-public financial information relating to the Designating Party's business, personal, or financial affairs. Materials designated CONFIDENTIAL may be disclosed only to:

(a)   Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

(b)   "Outside Counsel" for the parties to this action, as well as the partners, associates, and employees of such counsel, and court reporters, videographers, graphics vendors, discovery vendors, photocopy services, and translators retained by said counsel at arms

length in the regular course of business, whose duties and responsibilities require access to that Designated Material.  Unless otherwise expressly stipulated or ordered, Outside Counsel shall include the following law firms:

> (i)      Weil, Gotshal & Manges LLP, counsel of record for Plaintiffs;
>
> (ii)      Morris, Nichols, Arsht & Tunnell LLP, counsel of record for Plaintiffs;
>
> (iii)      Vinson & Elkins LLP, counsel of record for Plaintiffs;
>
> (iv)      Marshall, Gerstein & Borun LLP, counsel of record for Defendants;
>
> (v)      Foley & Lardner LLP, counsel of record for Defendants; and
>
> (vi)      Ashby & Geddes, counsel of record for Defendants.

       (c)       "Outside Consultants," or non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case, to the extent reasonably necessary to render professional services in this action, who have signed the "Certification Concerning Material Covered by Confidentiality Protective Order" (Exhibit A), as required by Section 4.1, and served the following materials by hand or email on counsel for the Designating Party at least five (5) business days prior to intended disclosure of Designated Materials marked CONFIDENTIAL to the Outside Consultant: (i) the certification, (ii) a current curriculum *vitae* of the Outside Consultant, (iii) a list of all publications authored in the prior ten years, (iv) a list of all other cases in which, during the previous four years, the Outside Consultant has testified as an expert at trial or deposition, (v) an identification of all parties who have employed the Outside Consultant for the past four years, and (vi) in the event that the Outside Consultant is under a contractual or other confidentiality obligation with respect to the

information sought in (v), above, a statement as to whether the party employing the Outside Consultant competes or competed in any way with the party from whom consent to the disclosure is sought, and a statement of the nature of the employment including the dates thereof;

(d)     No more than three (3) in-house counsel from LIFE and AB collectively and no more than three (3) in-house counsel from Illumina and Solexa collectively, together with their paralegal assistants and staff, who have signed the "Certification Concerning Material Covered by Confidentiality Protective Order" (Exhibit A), as required by Section 4.1, and served the certification by hand or email on counsel for the Designating Party at least five (5) business days prior to intended disclosure of Designated Materials marked CONFIDENTIAL to the In-House Recipients; and

(e)     The Court and Court personnel.

3.2     <u>Materials Designated HIGHLY CONFIDENTIAL</u>.   Subject to the limitations in this Stipulated Confidentiality Protective Order, a Designating Party may mark materials "HIGHLY CONFIDENTIAL."  Information appropriate for designation as HIGHLY CONFIDENTIAL presumptively includes:

- documents reflecting unpublished research and development efforts within or by any party that have not been disseminated to outside individuals or entities, except under written confidentiality obligations that still apply to the documents;

- any unpublished, pending or contemplated United States or foreign patent application, PCT application or any such unpublished, pending or contemplated continuation of any issued patent of any party;

- the parties' non-public, proprietary information that is not published or otherwise disseminated to outside individuals or entities, except under written confidentiality obligations that still apply to the information;

- invention disclosures for inventions not disclosed in any publication, published patent applications, or issued patents;

- confidential, proprietary, and/or trade secret source code; and

- financial projections, sales volumes, costs, profit margins, and other financial trade secrets.

Information not described in the preceding sentence shall be rebuttably presumed not to be appropriate for a HIGHLY CONFIDENTIAL designation. HIGHLY CONFIDENTIAL materials can only be reviewed by or disclosed to:

(a)   Persons who appear on the face of Designated Materials marked HIGHLY CONFIDENTIAL as an author, addressee, or recipient thereof;

(b)   Outside Counsel for the parties to this action as defined above in Section 3.1(b);

(c)   Outside Consultants as defined above in Section 3.1(c), to the extent reasonably necessary to render professional services in this action, and who have signed the "Certification Concerning Material Covered by Confidentiality Protective Order" (Exhibit A), as required by Section 4.1, and served the following materials by hand or email on counsel for the Designating Party at least five (5) business days prior to intended disclosure of Designated Materials marked CONFIDENTIAL to the Outside Consultant: (i) the certification, (ii) a current curriculum *vitae* of the Outside Consultant, (iii) a list of all publications authored in the prior ten years, (iv) a list of all other cases in which, during the previous four years, the

Outside Consultant has testified as an expert at trial or deposition, (v) an identification of all parties who have employed the Outside Consultant for the past four years, and (vi) in the event that the Outside Consultant is under a contractual or other confidentiality obligation with respect to the information sought in (v), above, a statement as to whether the party employing the Outside Consultant competes or competed in any way with the party from whom consent to the disclosure is sought, and a statement of the nature of the employment including the dates thereof;

(d)     The same three (3) in-house counsel from LIFE and AB collectively that are designated under Section 3.1(d) above and the same three (3) in-house counsel from Illumina and Solexa collectively that are designated under Section 3.1(d) above, together with their paralegal assistants and staff, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Certification Concerning Material Covered by Confidentiality Protective Order" (Exhibit A) and served the Agreement by hand or email on counsel for the Designating Party at least five (5) business days prior to potential disclosure of Designated Materials marked HIGHLY CONFIDENTIAL to the In-House Counsel Recipients; and

(e)     The Court and Court personnel.

3.3     Additional Procedures for Disclosure of Source Code.  To the extent any party's source code is discoverable in this action, it may be designated as HIGHLY CONFIDENTIAL and, unless the parties agree otherwise, shall be subject to the following additional restrictions and protections:

(a)     The producing party shall produce source code in electronically-searchable form;

(b)       Source code in electronically-searchable form shall be maintained on a single, password-protected, non-networked computer in a locked room in the office of Outside Counsel for the receiving party, and access to said source code and computer shall be limited to the individuals identified in Section 3.2(a)-(d);

(c)       No electronic copies of source code shall be made;

(d)       The non-networked computer may have one attached printer and portions of the source code may be printed provided that they are promptly bates labeled, stamped HIGHLY CONFIDENTIAL, and copies thereof are produced via overnight delivery to the party that produced that source code.

(e)       The receiving party shall maintain a source code access log, identifying: (i) the name of each person who accessed the code; (ii) the date of access; and (iii) whether any portions of the source code were printed and, if so, the bates label references of the printed pages.

(f)       If the source code in electronically-searchable form is being transported outside of the office of Outside Counsel, (*e.g.*, for a deposition, hearing, trial, court filing), the source code shall be transported either by approved delivery service (such as FedEx, UPS or DHL) or by an individual approved under this Stipulated Confidentiality Protective Order until such time as it is locked in a secure temporary location or placed in the custody of an officer of the Court (*e.g.,* court reporter, clerk).   The source code may be stored at an intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition) with any and all copies being maintained in a secured, locked area.   Source code shall not transported or transmitted other than as specifically provided herein.

(g)    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated source code, except as follows:

(i)    Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as HIGHLY CONFIDENTIAL may not be copied, digitally imaged or otherwise duplicated, except (a) by Outside Counsel for the receiving party for the sole purpose of creating hard duplicate copies for retention in multiple offices of Outside Counsel or by the Outside Consultants contemplated by Section 3.2(c), all as necessary for the conduct of the case; and (b) in limited excerpts necessary to use in depositions, and to attach as exhibits to depositions, expert reports or court filings under seal.

(ii)    Any paper copies of source code designated as HIGHLY CONFIDENTIAL shall be stored or viewed only at (a) the offices of Outside Counsel for the receiving party, (b) the offices of Outside Consultants who have been approved to access source code pursuant to Section 3.2(c), (c) the site where any deposition is taken, (d) the Court, or (e) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location.

(h)    Notwithstanding any other provision herein, source code designated as HIGHLY CONFIDENTIAL shall not leave the geographic boundaries of the continental United States.

4.    <u>Certification Concerning Material Covered by Stipulated Confidentiality Protective Order</u>.

4.1    Each person other than persons who appear on the face of Designated Materials as an author, addressee, or recipient thereof, Outside Counsel, as defined above, and

the Court and Court personnel, to whom any Designated Material may be disclosed pursuant to this Stipulated Confidentiality Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Confidentiality Protective Order and shall certify under penalty of perjury that he or she has read and understood the terms of the Stipulated Confidentiality Protective Order and agrees to be bound thereby.   This certificate shall be in the form attached as Exhibit A.   Counsel who make any disclosure of Designated Materials shall retain each original executed certificate.

      5.    <u>Use Of Designated Materials By Producing Party</u>.

      5.1    Nothing in this Stipulated Confidentiality Protective Order shall limit any producing party's use of its own documents and information nor shall it prevent the producing party from disclosing its own confidential information or documents to any person.   Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Confidentiality Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

      6.    <u>Designating Documents</u>.

      6.1    Documents, in whole or in part, may be designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL through the following procedure:

      (a)    A Designating Party who is a producing party shall designate documents by placing the legend CONFIDENTIAL or as HIGHLY CONFIDENTIAL on each page of the documents prior to production.

      (b)    When a Designating Party wishes to designate as CONFIDENTIAL or as HIGHLY CONFIDENTIAL documents produced by another party, such designation shall be made:

(i)      By notice to all parties to this action and to the producing entity, if such entity is not a party to this action, identifying the documents to be designated with particularity (either by production numbers or by providing other adequate identification of the specific documents).  Such notice shall be sent by email and regular mail.

(ii)      Such designation by the non-producing Designating Party shall not affect the producing party's access to the Designated Material.

6.2      Upon notice of designation by a Designating Party, all persons receiving notice of the requested designation of documents shall:

(a)      Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Confidentiality Protective Order;

(b)      Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Confidentiality Protective Order; and

(c)      Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Confidentiality Protective Order.

7.      Designating Interrogatory Answers

7.1      Interrogatory answers or other responses to written discovery may be designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL by means of a statement at the conclusion of each answer or response specifying the CONFIDENTIAL or HIGHLY CONFIDENTIAL information contained therein or by other means that clearly indicate what portion of the answer, response or information is considered CONFIDENTIAL or HIGHLY

CONFIDENTIAL and by placing CONFIDENTIAL or HIGHLY CONFIDENTIAL on the front of any set of answers or responses containing such information.

8.    Designating Depositions.

8.1    Deposition testimony and transcripts or portions thereof may be designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL through the following procedure:

(a)    by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or as HIGHLY CONFIDENTIAL;

(b)    where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Stipulated Confidentiality Protective Order to receive such Designated Material;

(c)    any party or deponent may, within ten (10) business days after receiving an official copy (i.e., not a "rough" or ASCII copy) of a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party or deponent so designates such material, the Designating Party shall provide written notice of such designation to all parties within the ten (10) business days period.

(d)    Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(e)    Until the expiration of the ten (10) business days period, any portion of the deposition not previously designated shall be treated as HIGHLY CONFIDENTIAL and subject to protection as provided by this Stipulated Confidentiality Protective Order.   After the

expiration of the ten (10) business days period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

9.     Designating Information Produced in Some Form Other Than Documentary, and for Any Other Tangible Items.  Materials and tangible items in other forms may be designated as Designated Material by marking in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as CONFIDENTIAL or as HIGHLY CONFIDENTIAL.

10.    Copies.

10.1    All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Stipulated Confidentiality Protective Order.

11.    Court Procedures.

11.1    Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

11.2    Filing Designated Materials with the Court.  In applications and motions to the Court, all Designated Material lodged or filed with the Court shall be lodged or filed under seal.  Such Designated Material shall be lodged or filed in a sealed envelope or container on which shall be affixed a cover sheet.  The cover sheet shall contain an indication of the nature of

the contents, and prominently display the notation "**DOCUMENT FILED UNDER SEAL**,"

and a statement substantially as follows:

> **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED CONFIDENTIALITY PROTECTIVE ORDER ENTERED IN THIS ACTION.   IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT**.

11.3    The submission shall indicate clearly which portions are Designated Materials.  The parties shall comply with all applicable Local Rules, Orders, or Standing Orders in filing or lodging Designated Material.  The notation "**DOCUMENT FILED UNDER SEAL**" shall also be made on the Designated Material itself, as well as on the cover sheet.

11.4    <u>Failure to File Under Seal</u>.  If any party fails to file or lodge Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within five (5) business days of the filing or lodging of said Designated Materials.

12.    <u>Objections</u>.

12.1    A party may challenge the propriety of any designation under this Stipulated Confidentiality Protective Order at any time.  A challenge may be made by serving on all other parties a written notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge in a notice of objection.  Service of the notice of objection shall be made by email and by mail.

(a)    The parties shall meet and confer in a good faith attempt to resolve the matter.  It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is properly CONFIDENTIAL or HIGHLY CONFIDENTIAL

within the meaning of this Stipulated Confidentiality Protective Order.  Unless and until the parties agree otherwise or the Court directs otherwise, such Designated Material shall continue to be treated as subject to the restrictions of this Stipulated Confidentiality Protective Order, except that if the Designating Party does not respond at all to the written notice of objections within ten (10) business days after service thereof, such objections shall be deemed justified and the challenged material shall be deemed de-designated.

   12.2 If a party objects to disclosure of Designated Material to any Outside Consultant, In-House Recipient or In-House Counsel Recipient, the objecting party shall serve by email and mail its objection in writing to the disclosing party's counsel within five (5) business days of receipt of the notice of intended disclosure.

     (a) The parties shall meet and confer to resolve any objections informally.  If objections are made but not resolved informally, the objecting party may move within ten (10) business days following its notice of objection for a court order preventing disclosure of Designated Materials to the Outside Consultant, In-House Recipient or In-House Counsel Recipient to which it has timely objected.  The objecting party shall bear the burden of proving that the disclosure of Designated Materials to any Outside Consultant, In-House Recipient or In-House Counsel Recipient would cause the objecting party unwarranted prejudice, annoyance, embarrassment or oppression.  Such Outside Consultant, In-House Recipient or In-House Counsel Recipient cannot have access to the Designated Material until the relevant time periods expire, or if a motion was filed by the objecting party, then until entry of a final and unappealable order denying the motion.

   13. <u>Client Communication</u>. Nothing in this Stipulated Confidentiality Protective Order shall prevent or otherwise restrict Outside Counsel from rendering advice to their clients

and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, Outside Counsel shall not disclose any Designated Material, except as permitted by this Stipulated Confidentiality Protective Order.

14.     <u>No Prejudice</u>.

14.1     This Stipulated Confidentiality Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

14.2     Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Confidentiality Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

14.3     If any party required to produce documents produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Confidentiality Protective Order.  Upon receipt of such notice, the receiving party shall treat the produced documents in accordance with the new designation and return the newly designated documents to the producing party.

14.4     Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

14.5     The restrictions as to use or disclosure of Designated Material set forth in any of the preceding paragraphs shall not apply as to:

(a)     Any information which at the time of the designation under this Stipulated Confidentiality Protective Order is available to the public;

(b)     Any information which after designation under this Stipulated Confidentiality Protective Order becomes available to the public through no act, or failure to act, attributable to the receiving  party or its counsel; and

(c)     Any information which the receiving party, its counsel, or any other recipient of Designated Material under this Stipulated Confidentiality Protective Order can show as a matter of written record was already lawfully known to that party.

15.     If Designated Material is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and, without prejudice to other rights and remedies of the Designating Party, make every effort to prevent further disclosure by it and by the person who was the recipient of such information.

16.     <u>Submission of Designated Material to the USPTO</u>. A receiving party may submit Designated Material to the U.S. Patent and Trademark Office in connection with any re-examination or reissue of any patent that the receiving party asserts in this action, or any examination of a patent application that is related to such an asserted patent, provided that the receiving party has a good-faith basis for submitting such Designated Material and submits it to the USPTO in compliance with Manual of Patent Examining Procedure § 724.02 ("Method of Submitting Trade Secret, Proprietary and/or Protective Order Materials").  Unless produced to the receiving party less than twenty (20) business days before a deadline to disclose such Designated Material to the USPTO, the receiving party shall provide written notice to the Designating Party at least ten (10) business days before such a submission. However, if such

Designated Material is produced to the receiving party less than twenty (20) business days before a deadline for disclosure to the USPTO, the receiving party shall provide written notice as many business days as is reasonably possible before such a submission. Written notice shall include identification of all Designated Material to be submitted to the USPTO.

  17.  <u>No Waiver of Privilege</u>.  Nothing in this Stipulated Confidentiality Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Any party that produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) after learning of the production and providing a privilege log for the produced materials.  The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the content of the clawed-back materials and independent of the production of those materials) by submitting a written challenge to the Court.  Outside Counsel shall not be required to delete information that may reside on their respective firm's electronic back-up systems that are overwritten in the normal course of business.

18.    <u>Modification and Survival</u>.

18.1    <u>Modification</u>.   All parties reserve the right to seek modification of this Stipulated Confidentiality Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Stipulated Confidentiality Protective Order for any reason.  The restrictions imposed by this Stipulated Confidentiality Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

18.2    <u>Survival and Return of Designated Material</u>.    This Stipulated Confidentiality Protective Order shall survive termination of this action.  Within ninety (90) days of final termination of the action, including appeals and retrials, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, including those that are in the possession of Outside Consultants under Sections 3.1(c) and 3.2(c), shall be returned to Outside Counsel for the Designating Party (or, if such party is not represented by counsel, directly to the Designating Party) or, at the option of the Designating Party, destroyed. Outside Counsel for the receiving party shall certify their compliance with this provision.

18.3    <u>Archival Copies</u>.  Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings and other filed papers, discovery responses, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material solely for the purpose of preserving a file in this matter.

19.    <u>Court's Retention of Jurisdiction</u>.  The Court retains jurisdiction to enforce and to make such amendments, modifications, and additions to this Stipulated Confidentiality Protective Order as it may from time to time deem appropriate.

20.    <u>Other Proceedings</u>. By entering this Stipulated Confidentiality Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude

another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Stipulated Confidentiality Protective Order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | ASHBY & GEDDES, LLP |
| */s/ Jack B. Blumenfeld* | */s/ Lauren E. Maguire* |
| _____ | _____ |
| Jack B. Blumenfeld (I.D. #1014) | Steven J. Balick (I.D. #2114) |
| Maryellen Noreika (I.D. #3208) | Lauren E. Maguire (I.D. #4261) |
| 1201 North Market Street | Andrew D. Cordo (I.D. #4534) |
| P.O. Box 1347 | 500 Delaware Avenue, 8th Floor |
| Wilmington, DE  19899 | P.O. Box 1150 |
| (302) 658-9200 | Wilmington, DE, DE  19899 |
| jblumenfeld@mnat.com | (302) 654-1888 |
| mnoreika@mnat.com | sbalick@ashby-geddes.com |
| | lmaguire@ashby-geddes.com |
| *Attorneys for Life Technologies Corporation;* | acordo@ashby-geddes.com |
| *Applied Biosystems, LLC; Institute for Protein* | |
| *Research; Alexander Chetverin; Helena* | *Attorneys for Illumina, Inc. and Solexa, Inc.* |
| *Chetverina; and William Hone* | |
| | OF COUNSEL: |
| OF COUNSEL: | |
| | Kevin M. Flowers |
| Nicholas Groombridge | Matthew C. Nielsen |
| Peter Sandel | John R. Labbé |
| WEIL, GOTSHALL, MANGES LLP | Mark H. Izraelewicz |
| 767 Fifth Avenue | Cullen N. Pendleton |
| New York, NY 10153 | MARSHALL, GERSTEIN & BORUN LLP |
| (212) 310-8242 | 233 South Wacker Drive |
| nicholas.groombridge@weil.com | Suite 6300 |
| peter.sandel@weil.com | Chicago, IL  60606 |
| | (312) 474-6300 |
| | kflowers@marshallip.com |
| | mnielsen@marshallip.com |
| | jlabbe@marshallip.com |
| | mizraelewicz@marshallip.com |
| | cpendleton@marshallip.com |

IT IS SO ORDERED, this _____ day of April 2010.


_____
Robert F. Kelly – United States District Judge

## <u>EXHIBIT A</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION; APPLIED BIOSYSTEMS, LLC; INSTITUTE FOR PROTEIN RESEARCH; ALEXANDER CHETVERIN; HELENA CHETVERINA; and WILLIAM HONE, | ) ) ) ) ) |
| | ) C.A. No. 09-706 (RK) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ILLUMINA, INC. and SOLEXA, INC., | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATION CONCERNING MATERIAL COVERED
### BY STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

I, _____ [print or type full name], hereby certify that I have read the Stipulated Confidentiality Protective Order in the above-captioned case and agree to be bound by its terms.  I understand that I may receive non-public, confidential materials and information protected pursuant to the terms of this Stipulated Confidentiality Protective Order.  I agree that I will use such Designated Materials only for the purpose of this litigation and in strict compliance with the provisions of this Stipulated Confidentiality Protective Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. This includes advising any employees, assistants, or other staff who may receive access to Designated Materials under this Stipulated Confidentiality Protective Order of the existence and terms of the Stipulated Confidentiality Protective Order, and monitoring and supervising them to ensure their compliance with the Stipulated Confidentiality Protective Order.

At the termination of this action, I will return or destroy, as directed, any Designated Materials received and any notes or other documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Confidentiality Protective Order in this case and waive any objections to jurisdiction or venue, even if such enforcement proceedings occur after the termination of this action.  I understand that failure to comply with this Stipulated Confidentiality Protective Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.


Date: _____         Signature: _____

                                    Printed name:  _____

                                    Company Name/Address/Phone:

                                    _____

                                    _____

                                    _____

                                    _____